IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA SLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV-09-BE-1732-S |
| ) | |
| UNITED STATES STEEL CORP., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This matter comes before the court on "Motion for Summary Judgment of United States Steel Corporation" (doc. 27). The court held a hearing on this motion on May 11, 2011. For the reasons stated on the record at the hearing and summarized below, the court finds as follows:

A. <u>Count I:</u> Sex Discrimination and Sexual Harassment brought pursuant to Title VII

1. As to the claim for sex discrimination based on *quid pro quo* discrimination, the court finds that the Plaintiff has not administratively exhausted those claims. Thus, the Defendant's motion for summary judgment is due to be granted to the extent it refers to that claim.

2. As to the claim for sex discrimination based on the failure to recognize the Plaintiff's Gary plant service time, the court finds that the Defendant's motion for summary judgment is due to be granted, because the Plaintiff has not established a similarly situated male comparator whom the company treated more favorably, and has not otherwise established her *prima facie* case.

1

3. As to the claim in Count I for sex discrimination based on alleged discriminatory job assignments, and based on the alleged discriminatory refusal to train Plaintiff on the forklift and other mobile equipment, the court finds that genuine issues of material fact exist and that the Defendant's motion for summary judgment is due to be denied as a matter of law.

B.  <u>Count II:</u> Racial and Sexual Retaliation

1. Discriminatory Retaliation based on Sex.  In the Plaintiff's brief, she focuses her claims of sex-based retaliation upon Self's alleged *quid pro quo* discrimination because she refused to socialize with him.  The court finds that the Plaintiff has failed to administratively exhaust this claim for retaliation. As the EEOC investigation that could reasonably be expected to grow out of the Plaintiff's EEOC charge would not have encompassed *quid pro quo* sex *discrimination*, the court also finds that such investigation would not have encompassed *retaliation* based on a complaint of *quid pro quo* sex discrimination. Thus, the Defendant's motion for summary judgment is due to granted to the extent that it refers to this claim.

2. Discriminatory Retaliation based on Race.  The court finds that the Plaintiff has raised genuine issues of material fact as to whether the Plaintiff's layoff was discriminatory retaliation resulting from the complaints of Slater and other black employees about Carolyn Farless's retention when black employees alleged to have more plant continuous time were laid off.  The court acknowledges that, at the hearing, it indicated that it would grant summary judgment on this claim, but upon further reflection, the court finds that the Defendant's motion for summary judgment is instead due to be denied on this claim.

C. <u>Count III</u>:

1. Sex Discrimination brought pursuant to Section 1981. The court finds that the Defendant's motion for summary judgment is due to be granted on this claim, because Section 1981 prohibits only discrimination based on race and does not encompass sex discrimination.

2. Race Discrimination brought pursuant to Section 1981. The court finds that the Defendant's motion for summary judgment is due to be granted on this claim, because the Plaintiff failed to present evidence that the Defendant treated similarly situated white employees more favorably and has failed to establish her *prima facie* case on this claim.

In sum, the court GRANTS the motion for summary judgment on all claims *except* the claims in Count I for sex discrimination based on alleged discriminatory job assignments and on the alleged discriminatory refusal to train Plaintiff on the forklift and other mobile equipment; and the claim in Count II for discriminatory retaliation based on race. The case with proceed to pretrial and trial with those excepted claims.

DONE and ORDERED this 17th day of May, 2011.

*/s/ Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE