IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA SLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV-09-BE-1732-S |
| ) | |
| UNITED STATES STEEL CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter comes before the court on "Motion for Reconsideration of United States Steel Corporation" (doc. 54) and "Plaintiff's Motion to Reconsider the Court's Ruling on the Defendant's Motion for Summary Judgment/Motion to Modify and/or Amend the Court's Ruling on the Defendant's Motion for Summary Judgment" (doc. 55). For the reasons stated in this Memorandum Opinion, the court finds that both motions are due to be DENIED.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1266 (N.D.Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* (quoting *Summit Med. Ctr. of Ala., Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). Neither should they be "a platform to relitigate arguments previously considered and rejected." *Reuter,* 440 F. Supp. 2d at 1266. Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of

1

new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr.,* 294 F. Supp. 2d at 1266.

The parties raise no new evidence, cite no change in relevant laws, and do not specifically argue that the ruling causes manifest injustice. Rather, the arguments raised reiterate those raised in their briefs, and the court must assume that both parties intend to characterize its previous rulings as constituting clear error. The court cannot agree with this characterization for the reasons stated below.

In support of its motion for reconsideration, the Defendant argues that the Plaintiff failed to administratively exhaust her claim of gender discrimination based on the refusal to train her on the forklift, when Defendant allowed similarly situated males to train on it. The Defendant correctly asserts that the Plaintiff must exhaust her administrative remedies prior to filing a suit pursuant to Title VII, and it cites the Eleventh Circuit case of *Gregory v. Ga. Dep't of Human Res.* for that proposition. 355 F.3d 1277, 1279-80 (11th Cir. 2004). As stated in the *Gregory* case, a Title VII plaintiff's civil action is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Id.* (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). The Eleventh Circuit has "cautioned that allegations of new acts of discrimination [in judicial complaints] are inappropriate." *Id.* (citing *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989)).

Defendant would have this court strictly limit the civil action to matters specifically included or alluded to in the EEOC *charge* itself.  The court acknowledges that the EEOC charge itself does not specifically mention failure to train as a grounds for Plaintiff's assertion of sex discrimination.  However, as the court noted at the hearing on this motion, the EEOC intake questionnaire that the Plaintiff filled out on the same day as the charge does mention discriminatory failure to train. In response to Question 5, "What happened to you that you believe was discriminatory?," the Plaintiff responded in section A that she was asked to clean and mop offices and then in section B, she stated as follows:

> **Action**.  Been in dept. almost a year + have not been trained on jobs after asking many times.
> **Name and Title of Person(s) Responsible**: Ralph Self + Kevin Henson.
> **Describe any other actions you believe were discriminatory**. . . .Also was told I was not beneficial to the dept. because of my lack of training.

(Doc. 29 Ex. J).  She continued discussing her claim of discriminatory failure to train in responding to Question 6:

> **6.  What reason(s) were given to you for the acts you consider discriminatory?  By whom?  Title?**
> Was not given Reasons why they would not train but sarcastic remarks was made because of me wanting to train + advance.

In her Complaint, and again in her deposition, the Plaintiff re-asserted her claim of discriminatory failure to train.   When asked at her deposition if the EEOC charge contained what she told the person at the EEOC office who assisted her in filling out the questionnaire and preparing the charge, she said, "I told him about more than that, but that was the one he chose." (Doc. 29, Ex. A, at 172). The intake questionnaire provides written support for the communication to the EEOC personnel of her claim of discrimination based on failure to train.

Notably, at the Plaintiff's deposition, the defense counsel marked the charge and intake questionnaire as one exhibit and presented it to Plaintiff during her testimony as one "multi-page document" (Doc. 29, Ex. A, at 171) with the charge as page one and the questionnaire as pages two through six.  The defense cannot claim surprise that the Plaintiff seeks to pursue this claim.

Defendant argues that this court should focus strictly on the information in the EEOC charge itself and on the inferences from this information, and apparently wants this court to ignore the information listed on the intake questionnaire.  However, noting that courts are "extremely reluctant to allow procedural technicalities to bar claims brought under Title VII" and further noting that EEOC charges are often filed without aid of counsel, the Eleventh Circuit has determined that "the scope of an EEOC complaint should not be strictly interpreted." *Gregory,* 355 F.3d at 1279 &1280 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460-61 & 465 (5th Cir. 1970)).  Therefore, the Eleventh Circuit has *not* limited a plaintiff's judicial claims to those based solely on specific information in the EEOC charge itself but, instead, limits those claims "by the scope of the EEOC investigation *which can reasonably be expected to grow out of the charge of investigation." Id.* at 1280 (emphasis added).

In the instant case, the EEOC intake questionnaire that the Plaintiff provided to the EEOC on the same day as her EEOC charge communicated her claim of gender discrimination based on failure to train, mentioning the word "train" or "training" four separate times in the questionnaire.  Thus, she adequately communicated her claim in writing to the EEOC, but that claim was not included in the charge itself.

The court is unaware of any published Eleventh Circuit opinion addressing exhaustion in light of claims specifically stated in EEOC intake questionnaires but omitted in resulting EEOC

4

charges. However, in the Eleventh Circuit's unpublished case of *Jerome v. Marriott Residence Inn Barcelo Crestline/AIG*, the Court of Appeals did examine the information in the intake questionnaire to determine whether any evidence existed, other than the plaintiff's own unsworn statements, that he had communicated a disparate pay claim to the EEOC. 211 F. App'x. 844, 846-47 (11th Cir. 2006). In that case, the court found that the information in neither the intake questionnaire nor the charge itself *put the EEOC on notice* of a disparate pay claim.

Under the circumstances of the instant case, the court finds that the information in the intake questionnaire put the EEOC on notice that she was claiming gender discrimination based on refusal to train, and that the EEOC investigation that could reasonably be expected to grow out of the information she provided to the EEOC would include that claim. Therefore, her judicial complaint, which included that claim, was not a new allegation of which the EEOC had no notice; she has met the administrative prerequisites as to that claim to assert it under Title VII. Accordingly, the court finds no clear error in its ruling denying summary judgment for failure to exhaust administrative remedies on her claim of gender discrimination based on failure to train, and that Defendant's motion for reconsideration is due to be DENIED.

Plaintiff's motion for reconsideration asserts as errors (1) the court's ruling on the claim asserted in Count III for race discrimination brought pursuant to Section 1981; and (2) the court's ruling on the sexual harassment claim which she claims to have asserted in Count I.

As to the 1981 race discrimination claim, the Plaintiff first asserts that the court's ruling was in error because direct evidence of discrimination exists; however, the court disagrees that the record includes any such direct evidence. The court previously reviewed Plaintiff's evidence and found it lacking of any direct evidence. Her *arguments* do not qualify as evidence.

5

Next, the Plaintiff asserts that the Supreme Court's decision of *Ricci v. DeStefano,* 129 S. Ct. 2658 (2009), which the Plaintiff cites for the first time, supports a finding of racial discrimination. In the *Ricci* decision, the Supreme Court determined that no "strong basis in evidence" existed for the City of New Haven's race-based rejection of objective examinations used to identify firefighters best qualified for promotion. The basis for the City's decision was not that the exams were not job related and consistent with business necessity, or that an equally valid, less discriminatory alternative to the exams existed. Rather, the sole basis for rejecting the tests was that they showed a significant statistical disparity in favor of white employees. *Id.* at 2681. The court finds little applicability of the ruling or rationale of *Ricci*.

The instant case does not involve U.S. Steel's application of an objective test or policy that had a significant statistical disparity in favor of one race, nor does it involve an admittedly race-based rejection of such a policy. Accordingly, the *Ricci* case is inapposite. Therefore, the court finds that no clear error exists as to its grant of summary judgment on the Plaintiff's claim in Count III for race discrimination brought pursuant to § 1981. Plaintiff's motion for reconsideration as to this claim is due to be DENIED.

As to the claim for sexual harassment based on Ralph Self's sexual advances, the Plaintiff argues that Defendant waived its right to assert an argument of failure to exhaust when it failed to include that ground as an affirmative defense in its answer and to assert it in its initial brief supporting the motion for summary judgment. However, no liberal reading of the Plaintiff's Complaint reveals this claim of sexual harassment based on Ralph Self's sexual advances, and

thus, Defendant was not required to address it in its Answer[1] or brief.  When the Plaintiff raised this claim in her responsive brief, the Defendant challenged the claim based on her failure to exhaust administrative remedies.  The court finds no waiver of a defense to a claim when the Complaint did not place Defendant on notice of that claim.  Therefore, it finds the Plaintiff's motion for reconsideration is due to be DENIED as to the sexual harassment claim.

Because the court finds no clear error in its prior rulings, and the parties have raised no other grounds for the reconsideration of their motions, the court finds that both motions for reconsideration are due to be DENIED.  This case will proceed to trial on the claims in Count I for sex discrimination based on alleged discriminatory job assignments and on the alleged discriminatory refusal to train Plaintiff on the forklift and other mobile equipment; and the claim in Count II  for retaliation based on complaints of racial discrimination.

Dated this 6th day of June, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that in the fifth affirmative defense in its Answer to Complaint, the Defendant, in boilerplate language, asserted that "Plaintiff has not satisfied the material pre-conditions of this judicial action." (Doc. 5, at 6).  Similarly, in ¶ 4 of the Answer, the Defendant expressly denies that the Plaintiff "has satisfied requisite pre-conditions of this action or that any of Plaintiff's claims are legally sufficient." (Doc. 5, at 2).  Because the Complaint did not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" as to Ralph Self's alleged sexual harassment of Plaintiff, the court need not decide whether this broad, boilerplate language adequately asserted the affirmative defense as to this precise non-claim.  *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (containing the quoted language as the standard to determine whether a complaint successfully asserts a claim).