FILED
2012 Sep-25  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA SLATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-BE-1732-S |
| | ) | |
| UNITED STATES STEEL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on "Defendant's Motion to Dismiss Complaint or in the Alternative for Summary Judgment" (doc. 66), Defendant's "Motion for Leave to Amend Answer" (doc. 71), and "Response of United States Steel Corporation to Plaintiff's Second Calculations of Damages and Motion to Exclude" (doc. 83).  Although this case asserts claims for employment discrimination, the basis for the Defendant's motion to dismiss and alternative motion for summary judgment is the doctrine of judicial estoppel because of the Plaintiff's filing a bankruptcy petition without listing this suit.  For the reasons stated in this Memorandum Opinion, the court FINDS that the motion to dismiss is due to be DENIED, and the motion for summary judgment is due to be GRANTED. Further, the court FINDS the motion for leave to amend and the motion to exclude to be MOOT.  The court will address the motions separately.

**Motion for Leave to Amend**

In this motion, U.S. Steel requested that the court allow it to amend its answer to add the defense of lack of standing.  The standing argument was based on Ms. Slater's filing a Chapter 7 bankruptcy petition, and, according to U.S. Steel, that filing converted the bankruptcy trustee into the real party in interest.  However, after the filing of this motion, the Bankruptcy Court converted Ms. Slater's case to one under Chapter 13 of the Bankruptcy Code.   (Doc. 87).  In its supplemental brief on the motion to dismiss, U.S. Steel acknowledged that "a Chapter 13 debtor is the real party in interest and has standing to bring suit in his or her own right without deference to or restrictions from the standing Chapter 13 trustee." (Doc. 88, at 16).  Accordingly, the court finds the motion for leave to amend to be MOOT.

**Motion to Dismiss and Alternative Motion for Summary Judgment**

Motion to Dismiss or Motion for Summary Judgment

This motion is brought as a motion to dismiss, or alternatively, as a motion for summary judgment.  The argument presented in the motion to dismiss is based not upon the failure to state a claim, but rather, upon judicial estoppel.   The court notes that both parties have filed evidentiary material to support their positions.  Therefore, the most appropriate legal standard with which to address this matter is that of summary judgment.  *See* Fed. R. Civ. P. 12(d).  Accordingly, the court finds that the motion to dismiss is due to be DENIED, and it will address the alternative motion for summary judgment.

Summary judgment is an integral part of the Federal Rules of Civil Procedure.  When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).   The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-23.  Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

In this motion, U.S. Steel initially requested that this court dismiss the instant case for two reasons:  (1) because Ms. Slater lacked standing to pursue the lawsuit, as the bankruptcy trustee was the real party in interest; and (2) because Ms. Slater's failure to disclose the instant case as an asset of the bankruptcy estate, her claims in the instant suit are barred by the doctrine of judicial estoppel.  As noted above, in its supplemental brief on this motion, U.S. Steel then acknowledged that the conversion of the bankruptcy case to Chapter 13 means that  Ms. Slater does indeed possess standing to sue.  Therefore, the standing argument is MOOT, and the court will address the motion's remaining argument based on judicial estoppel.

3

Relevant Background

Ms. Slater filed the instant suit on August 28, 2009, claiming that U.S. Steel discriminated against her in training and job assignment and by laying her off in retaliation for protected activity; she seeks compensatory, punitive, and liquidated damages.  (Doc. 1).  On May 17, 2011, the court entered an Order granting in part and denying in part the Defendant's motion for summary judgment, advising the parties that certain claims in Count I for sex discrimination and the claim in Count II for discriminatory retaliation based on race would proceed to trial.  (Doc. 52).

On June 2, 2011, shortly after the court had held a pretrial conference in the case, Ms. Slater filed a petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Alabama.  On page 3 of that petition, the signature page, Ms. Slater signed her name electronically with a date of June 2, 2011 under the words "I declare under penalty of perjury that the information provided in this petition is true and correct." (Doc. 68-2, at 3).

Attached to the petition are, among other things, Schedules, including property schedules, and a Statement of Financial Affairs.   When asked, in question four of the Statement of Financial Affairs, to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case," Ms. Slater marked the box for "None."  (Doc. 68-2, at 13).  At the end of the Statement of Financial Affairs she electronically filed her name with the date of June 2, 2011 under the following declaration:

"**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR/** I declare under penalty of perjury that I have read the answers contained in the foregoing statement

4

of financial affairs and any attachments thereto and that they are true and correct." (Doc. 68-2, at 18). Further, in Schedule B - Personal Property, attached to her petition, Ms. Slater was asked to describe "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each." Ms. Slater marked an X under "none." (Doc. 68-2, at 8). At the end of the Schedules attached to her petition is a page entitled **DECLARATION CONCERNING DEBTOR'S SCHEDULES** that includes the following statement: "I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 21 sheets, and that they are true and correct to the best of my knowledge, information, and belief." Under that statement is, once again, the electronic signature for Ms. Slater with a June 2, 2011 signature date. (Doc. 68-2, at 11).

On July 7, 2011, a Meeting of the Creditors occurred, which was conducted as a "no asset" case. Following that meeting, the Chapter 7 Trustee, James G. Henderson, filed a Report of No Distribution with the Bankruptcy Court. (Doc. 68-3, at docket text 13).

On or before August 10, 2011, U.S. Steel discovered that Ms. Slater had filed a petition in bankruptcy; U.S. Steel attached as Exhibit C to its motion to dismiss/alternative motion for summary judgment a PACER Service Center's transaction receipt showing that the docket sheet was run on August 10, 2011 at 10:04:23 and included a record of activity from the filing of the petition on June 2, 2011 through the Trustee's Report of No Distribution dated July 12, 2011. On August 12, 2011, U.S.Steel filed a "Motion for Leave to File out of Time a Motion to Dismiss Complaint or, In the Alternative, for Summary Judgment," and, as one basis for its request, stated that Ms. Slater had filed a petition in bankruptcy that did not identify her

discrimination case against U.S. Steel as an asset.  (Doc. 63).  On August 15, 2011, the court

granted that motion for leave to file.  (Doc. 64).

     The record in this case does not contain Ms. Slater's bankruptcy action records, except

for the docket sheet of the bankruptcy action as of  August 10, 2011 at 10:04:23, which is

attached as an exhibit to U.S. Steel's motion for summary judgment currently under

consideration.  However, the court takes judicial notice –  pursuant to Rule 201 of the Federal

Rules of Evidence based on the records of Ms. Slater's bankruptcy action, 11-02865 –  that on

August 15, 2011, Ms. Slater amended the answer to question four of the petition's Statement of

Financial Affairs to reflect the existence of this discrimination lawsuit.  Further, the court also

takes judicial notice that, according to those same bankruptcy records, Ms. Slater also attempted

on August 15, 2011 to amend the petition's Schedule B to reflect the existence of this lawsuit

and on August 22, 2011 amended the Summary of Schedules.

     On August 16, 2011, U.S. Steel filed the motion to dismiss and alternative motion for

summary judgment currently under consideration.  As noted, one of the grounds for that motion

was that the doctrine of judicial estoppel barred the instant lawsuit because of her failure to

disclose its  existence in the bankruptcy petition.  (Doc. 88).  Attached as Exhibit C to the motion

was the referenced PACER Service Center's transaction receipt showing that the docket sheet

was run on August 10, 2011 at 10:04:23 and included a record of activity from the filing of the

petition on June 2, 2011 through the Trustee's Report of No Distribution dated July 12, 2011.

     On August 29, 2011, Ms. Slater filed an opposition U.S. Steel's motion to dismiss with

her attached affidavit, stating that she "did not intentionally misrepresent facts to the bankruptcy

court," that she understood the petition questions referenced suits filed *against* her not suits filed

*by* her, and that when "the question was explained to [her], [she] immediately notified my bankruptcy attorney who amended my schedules to properly reflect the existence of my pending lawsuit." (Doc. 78-1).  In her affidavit, she did not advise the court about the date she first understood that her petition and attachments were incorrect, did not advise the court of the date of her amendments to the petition, and did not attach records reflecting the docket activity, such as her amendments in her bankruptcy case.  Rather, her affidavit stated that at the time of the amendment, the deadline for filing claims had not yet run and that the bankruptcy court had not yet entered any orders of discharge from bankruptcy.

On December 6, 2011, Judge Bennett, the judge who presided over Ms. Slater's Chapter 7 bankruptcy case converted it to a Chapter 13 case at Ms. Slater's request. Based on bankruptcy records of Ms. Slater's case, of which the court takes judicial notice, Judge Bennett confirmed her Chapter 13 plan requiring her to pay a monthly amount to the trustee for forty-two months beginning immediately as of March 29, 2012.

<u>Discussion</u>

U.S. Steel argues that it is entitled to dismissal of the case or a judgment in its favor because the doctrine of judicial estoppel bars this action.  Ms. Slater acknowledges that her initial petition in bankruptcy failed to disclose the instant suit; however, she argues that the doctrine does not apply because that failure was inadvertent and has been rectified and because the bankruptcy court did not accept or act upon that inadvertent omission.  For the reasons stated below, the court finds that the doctrine of judicial estoppel applies to bar this action.

<u>Judicial Estoppel</u>

The purpose of invoking the equitable doctrine of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). The Supreme Court has explained that although no "exhaustive formula for determining the applicability of judicial estoppel exists," courts generally consider three factors: (1) whether the party's positions in the separate stages or proceedings are "clearly inconsistent"; (2) whether the party achieved success in advancing its position in the prior proceeding leading to "the perception that either the first or the second court was misled"; and (3) whether the party's presentation of an inconsistent position would result in unfairness, either by granting that party an unfair advantage or imposing against the opposing party an unfair detriment. *Id.* at 750-51.

Incorporating those considerations, the Eleventh Circuit has outlined two factors whose presence call for the imposition of judicial estoppel: "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Robinson v. Tyson Foods, Inc.,* 595 F.3d 1269, 1273 (11th Cir. 2010) (quoting the "seminal case. . . on the theory of judicial estoppel," *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002)).

Because the Eleventh Circuit has on multiple occasions applied those factors in analogous circumstances, this court has ample guidance on this issue. For example, both of the Eleventh Circuit cases cited above, *Robinson* and *Burnes,* were cases that involved the plaintiff's inconsistent sworn testimony in two separate proceedings, a bankruptcy proceeding and a federal

8

employment discrimination case.  In both cases, the plaintiff failed to disclose the existence of

the pending lawsuit seeking monetary compensation as an asset in the bankruptcy proceeding.

The Eleventh Circuit found in both cases that the plaintiff had a duty to disclose the federal

lawsuit as an asset; that the failure to reflect the lawsuit in the bankruptcy case was a breach of

that duty resulting in inconsistent positions under oath; that the district court, in its discretion,

could infer from the record the requisite intent to make a mockery of the judicial system; and

thus, that the court's application of the doctrine of judicial estoppel to grant summary judgment

was not clear error.  *Robinson,* 595 F.3d at 1275-77; *Burnes,* 291 F.3d at 1286-88.

   Although Ms. Slater cites the Supreme Court decision of *New Hampshire v. Maine,* 532

U.S. 742 (2001), she fails to address the more recent Eleventh Circuit cases of *Robinson* and

*Burnes* applying that decision in fact situations similar to the one at bar, and thus, fails to explain

what distinguishes her case from those opinions. She simply argues that her failure to disclose

the instant case in her bankruptcy petition was inadvertent and has now been rectified.

Reasoning that the bankruptcy court took no final action of discharge on her inadvertent

statement before it was rectified, she takes the "no harm no foul" approach and expects to

proceed with this discrimination case.  However, she ignores the Eleventh Circuit cases at her

peril, because this court must apply that controlling law; therefore, this court analyses this case in

light of the Eleventh Circuit factors.

   *First of Two Eleventh Circuit Factors: Prior Inconsistent Position under Oath*

   No dispute exists that Ms. Slater's failure to disclose the instant suit in her original

bankruptcy petition, which was made under oath, constitutes an inconsistent position in the prior

bankruptcy proceeding.  At the time the petition was filed, Ms. Slater's discrimination suit had

been pending in this court for almost two years, she had given her deposition and a separate

declaration, and this court had recently entered an order denying in part U.S. Steel's first motion

for summary judgment.  Further, this court had recently conducted a pretrial conference to

discuss the trial of this matter.   Those circumstances mean that, during the period leading up to

the filing of Ms. Slater's bankruptcy petition, much activity had been occurring in this federal

case, and she could not reasonably argue that she was unaware of its existence and its pretrial

posture. Therefore, Ms. Slater's sworn statement in the petition that she was not a party to a

lawsuit was wrong, represented a breach of her duty to disclose, and was inconsistent with her

position as the Plaintiff in this lawsuit; U.S. Steel has met the first factor.  *See Robinson,* 595

F.3d at 1275-77; *Burnes,* 291 F.3d at 1286-88 (each affirming a similar finding of the district

court in analogous circumstances).

   *Second Factor:   Calculated to Make a Mockery of the Judicial System*

   In applying the second factor of judicial estoppel, the court must analyze the party's

intent, because the Eleventh Circuit requires "intentional contradictions, not simple error or

inadvertence."  *Am. Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1536 (11th Cir. 1983).

Ms. Slater insists that her failure to disclose was inadvertent, and that she rectified the omission

when she discovered it.  She has submitted a sworn affidavit to that effect.  Thus, she claims that

the inadvertent statement was not intentional and was not calculated to make a mockery of the

judicial system.  Defendant argues, however, that Ms. Slater only amended her petition when she

was "caught," that her actions were not "inadvertent" within the context of the doctrine of

judicial estoppel, and that the court should infer the requisite bad intent  from the record.

Eleventh Circuit law instructs on when an omission on a bankruptcy petition is "inadvertent." The Court of Appeals has explained: "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy his statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Barger v. City of Cartersville*, 348 F.3d 1289, 1295-96 (11th Cir. 2003). The Court of Appeals has also explained that a court may infer intent from the record, and that "[t]his inference is considered a factual finding by the court and held to a clearly erroneous standard." *Robinson*, 595 F.3d at 1275.

In *Robinson*, which involved a plaintiff's nondisclosure in a Chapter 13 bankruptcy petition, the Eleventh Circuit affirmed the district court's application of judicial estoppel based upon an inference of bad intent from the record despite the plaintiff's claim of inadvertence. Like Ms. Slater in the instant case, the plaintiff in *Robinson* had failed to disclose her discrimination suit in her bankruptcy petition even though no dispute existed that she had knowledge of the discrimination claims. Despite the plaintiff's argument that she had no reason to mislead the court as she had paid off her debt in full and received a full discharge, the district court in *Robinson* found instead that she had a motive to conceal the discrimination claims: if that suit had settled after filing the petition and before the discharge in bankruptcy, "she could have kept the proceeds for herself without their becoming part of the bankruptcy estate and going to her creditors to satisfy her debts." *Id.* In affirming the grant of summary judgment based on judicial estoppel, the Eleventh Circuit explained that "the relevant inquiry is intent at the time of non-disclosure" – the motive to conceal is measured prior to the time the adversary discovers and reveals the concealment. It further explained that subsequent "full monetary repayment does not

11

necessarily preclude a finding of a motive to conceal"; "the motive to conceal stems from the *possibility* of defrauding the courts and not from any actual fraudulent *result*." *Id.* (emphasis supplied).

With that law in mind, this court finds that Ms. Slater had a motive to conceal her discrimination claims. At the time she filed her petition under Chapter 7, this court had entered an order finding that at least some of her claims of discrimination and retaliation would proceed to trial. Ms. Slater asked the bankruptcy court to discharge most of the debts she owed, and indeed, based on the assets she listed, the trustee filed a report of "no distribution" the month after she filed the petition. Common sense dictates that a motive for failing to list her discrimination suit at the time of filing her Chapter 7 petition could have been a desire to defraud creditors into accepting her case as one involving no assets for distribution despite the real possibility with the impending trial of the discrimination case that she could soon be receiving a money settlement or a money judgment in her favor.

And, because the motive is measured at the time of concealment and prior to the time the adversary – here, U.S. Steel – discovered and exposed the concealment, Ms. Slater does not avoid the estoppel bar by later amending the petition and "disclosing" what U.S. Steel had already brought to light. The Eleventh Circuit emphasized, not only in *Robinson* but also in *Burnes,* that waiting until after being caught to rectify the omission is too little, too late. In *Burnes,* the plaintiff failed to disclose his discrimination suit in a bankruptcy petition and attempted, once caught, to amend his bankruptcy filings and rectify the omission to avoid judicial estoppel. But the Eleventh Circuit affirmed the district court's applying an estoppel bar, explaining that allowing a plaintiff to amend his bankruptcy petition "only after his omission has

12

been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.  This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets." *Burnes,* 291 F.3d at 1288.

Therefore, in the instant case, Ms. Slater's actions of amending the petition and requesting a change from Chapter 7 to 13, all only after U.S. Steel caught and exposed her omission, do not successfully fix the problem and avoid estoppel.  Indeed,  allowing her to do so without penalty would encourage rather than discourage debtors like her to conceal assets unless or until they are caught.  Contrary to Ms. Slater's arguments, motive is measured at the time of the nondisclosure and is not dependent upon the court's accepting or acting on her statement with a fraudulent result.  Her belated actions do not sanitize the taint of nondisclosure, and her failure to disclose this lawsuit in the bankruptcy petition was not "inadvertent" as that term is used in the context of the doctrine of judicial estoppel.

The court infers from the record an intent to make a mockery of the judicial system, finding that Ms. Slater had knowledge of the undisclosed claims and a motive to conceal them. Having thus found that both criteria for judicial estoppel exist – a prior inconsistent statement and intent to make a mockery of the judicial system – the court also finds that the doctrine bars the instant law suit from proceeding.  Therefore, the court finds that U.S. Steel's motion for summary judgment is due to GRANTED and will ENTER judgment in favor of U.S. Steel and against Ms. Slater.

13

**<u>Motion to Exclude</u>**

In light of the ruling that summary judgment is due to be granted, the court FINDS U.S.

Steel's motion to exclude damage claims and calculations to be MOOT (doc. 83).


The court will enter a simultaneous Order consistent with this Memorandum Opinion.

Dated this 25th day of September, 2012.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

14