FILED
2019 Jan-07 PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA SLATER, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] CIVIL ACTION NO. |
| | ] 2:09-CV-01732-KOB |
| UNITED STATES STEEL | ] |
| CORPORATION, | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff Sandra Slater's "Motion to Enforce a Settlement of the Claims before the Court/Motion to Set Case for Trial." (Doc. 109). In settling this case, Ms. Slater agreed to "execute a full general release of all claims," but in her motion, Ms. Slater asks the court to let her *not* "execute a full general release of all claims." For the following reasons, the court will DENY Ms. Slater's motion and ORDER her to comply with the unambiguous terms of the settlement agreement and execute a full general release of all claims.

## I. BACKGROUND

On October 16, 2018, the parties mediated this dispute before Magistrate Judge England and agreed to settle. Both parties were represented by counsel at mediation.

The parties and their counsel signed a Memorandum of Understanding that

1

stated the terms of the parties' settlement agreement. (Doc. 113). According to Ms. Slater, Judge England drafted the Memorandum of Understanding. The Memorandum of Understanding provides that Ms. Slater "will execute a full general release of all claims."

Defendant United States Steel Corporation provided a release for Ms. Slater to execute. The release states, in part, "Slater hereby **RELEASES AND WAIVES** all claims, actions, damages, and causes of action of any type . . . which concern, or arise out of: (a) her claims asserted in the Action and/or (b) any matter or event that has occurred between USS and Slater at any time up to the date of this Settlement Agreement." (Doc. 109 at 2).

Ms. Slater refuses to execute this release because, according to Ms. Slater, when she agreed to "execute a full general release of all claims," she agreed to release *only* those claims that she brought in this case. She moves the court to enforce the settlement agreement, but require her to execute a release of only the claims that she brought in this case, or, in the alternative, set this case for trial. (Doc. 109 at 5).

U.S. Steel responded to Ms. Slater's motion and asserted that "full general release of all claims" has an unambiguous meaning under Alabama law: a full release of all claims, not just the specific claims that Ms. Slater brought in this lawsuit. Accordingly, U.S. Steel asks the court to enforce the settlement

agreement and order Ms. Slater to execute a full general release of all claims. (Doc. 110 at 5).

## II. ANALYSIS

The parties do not dispute that they agreed to settle this case, that the Memorandum of Understanding constitutes their settlement agreement, and that the Memorandum of Understanding is a valid contract. But they vigorously dispute the meaning of the phrase "full general release of all claims" in the contract. For the following reasons, the court will resolve this dispute in favor of the unambiguous meaning of "full general release of all claims" and order Ms. Slater to comply with the terms of the settlement to which she agreed and execute a full general release of all claims, not just the claims she brought in this lawsuit.

Alabama law "requires a court to enforce an unambiguous, lawful contract, as it is written." *Ex parte Dan Tucker Auto Sales, Inc.*, 718 So. 2d 33, 35 (Ala. 1998). And when interpreting a contract, "a court should give the terms of the agreement their clear and plain meaning . . . . Words used in a contract will be given their ordinary, plain, or natural meaning where nothing appears to show they were used in a different sense or that they have a technical meaning." *Id.* at 36.

Here, the phrase at issue—"full general release of all claims"—has a plain and ordinary meaning: it means a release of *all* claims, not just the specific claims that may be at issue. *See Reg'l Health Servs., Inc. v. Hale Cty. Hosp. Bd.*, 565 So.

3

2d 109, 114 (Ala. 1990) ("With a general release, the parties obviously intend to release all claims . . . ."). Likewise, Black's Law Dictionary defines "general release" as "[a] broad release of legal claims that is not limited to a particular claim or set of claims, such as those at issue in a pending or contemplated lawsuit, but instead covers any actual or potential claim by the releasing party against the released party based on any transaction or occurrence before the release." *Black's Law Dictionary* (10th ed. 2014). Thus, by agreeing to "execute a full general release of all claims," Ms. Slater agreed to release *all* claims, not just the claims brought in this case.

Ms. Slater essentially asks the court to interpret "full general release of all claims" as a "limited release of specific claims." But, if a party intends to limit the scope of claims they will release, Alabama law requires that party to specifically do so in the contract. *See Cavender v. State Mut. Ins. Co.*, 748 So. 2d 863, 868 (Ala. 1999) ("When the language of a release specifically limits the scope of the release, the release will not bar claims outside the scope of the release."); *Wayne J. Griffin Elec., Inc. v. Dunn Const. Co.*, 622 So. 2d 314, 317 (Ala. 1993) ("If the parties had intended to limit the releases, they could have specifically done so."); *Nix v. Henry C. Beck Co.*, 572 So. 2d 1214, 1216 (Ala. 1990) ("The release . . . was a general release and could have been limited if the parties so desired."); *Reg'l Health*, 565 So. 2d at 114 ("If the parties had wanted to limit the release, they

could have expressly reserved and excepted certain claims, including tort claims, from the release."). Ms. Slater did not limit the scope of her "full general release of all claims" in any fashion, so her release is, in fact, a *full* and *general* release of *all* claims.

Notably, Ms. Slater provides no law challenging the plain and ordinary meaning of "full general release of all claims." Instead, she makes several unavailing arguments for why the court should adopt her interpretation of the phrase. She asserts that claims beyond those brought in this case "have never been discussed by the parties"; that the parties did not communicate "as to the meaning of the phrase[] general release"; that the settlement agreement "explicitly states that the parties were settling all of the claims in the above-styled case" and "makes no mention of any potential claims outside of the case before the court"; that the court has subject matter jurisdiction only over the claims listed in the complaint; that "[c]learly, the court did not send the parties to mediation to resolve claims that were not before the court"; that "[a]t no time did the plaintiff contemplate or agree that she was settling claims outside of the scope of this case"; that Ms. Slater's counsel "only represented [her] in this matter as it related to the claims in the complaint" and thus "had no authority from [Ms. Slater] to act on, or settle any claims outside of the claims in her complaint"; and that "all of the discussions regarding settlement . . . [were] based on and centered around the value of the

5

claims still pending in the lawsuit." (Doc. 109 at ¶¶ 1–10).

But none of these arguments changes the fact that the phrase "full general release of all claims" has an unambiguous meaning. And Ms. Slater's "different construction[] of the document does not force the conclusion that the disputed language is ambiguous." *Wayne J. Griffin*, 622 So. 2d at 31. Alabama law requires the court to ascertain the intent of the parties according to the plain and clear meaning of the terms in the contract, not according to Ms. Slater's opinion of what those plain terms should mean. *See id.*

## III. CONCLUSION

Ms. Slater does not cast any doubt on the unambiguous meaning of "full general release of all claims" to which she and her counsel agreed and she does not offer any compelling reason for why the court should disregard the phrase's plain meaning. So, by separate order, the court will **DENY** Ms. Slater's "Motion to Enforce a Settlement of the Claims before the Court/Motion to Set Case for Trial" and **ORDER** Ms. Slater to execute the full general release of all claims proffered by U.S. Steel and reprinted on page two of Ms. Slater's motion **on or before January 22, 2019.**

**DONE** and **ORDERED** this 7th day of January, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE

6